Melvin **PORTER**, Plaintiff,

v.

**UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT**, Defendant.

**No. CIV.A.00–1954 JR.**

United States District Court, District of Columbia.

Nov. 22, 2002.

Eric C. Bosset, Steven M. Warshawsky, Washinton, DC, Susan Huhta, Washington Lawyers' Committee for Civil Rights & Urban Affairs, Washington, DC, for Plaintiff.

Scott S. Harris, G. Michael Harvey, Asst. U.S. Atty., Washington, DC, for Defendant.

## MEMORANDUM ORDER

ROBERTSON, District Judge.

Before the Court is plaintiff's motion for reconsideration of the denial of his prayer for backpay and instatement after the jury awarded him $15,000 for each of two incidents of retaliatory non-selection to GS–15 positions within the United States Agency for International Development (USAID). The motion is **denied**.

Plaintiff argues that the Memorandum Order of September 9 falls short of "make whole" relief and fails to give effect to the presumption favoring backpay established by *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416–22, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 763–70, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Lander v. Lujan*, 888 F.2d 153, 156–57 (D.C.Cir.1989). "Make whole" relief, after a jury's finding of discrimination (or, in this case, retaliation) does not necessarily or automatically include backpay or instatement, but in so far as possible it must comport with the "twin statutory objectives" of Title VII to "eradicat[e] discrimination throughout the economy" and "so far as possible, restore[ ] [plaintiff] to a position where [he] would have been were it not for the unlawful discrimination." *Albemarle Paper*, 422 U.S. at 421, 95 S.Ct. 2362 (quoting 118 Cong. Rec. 7168 (1972)). My conclusion in this case, after hearing all the evidence and considering the entire record, was that plaintiff would not have been given either of the two GS–15 positions he sought in the absence of the retaliation the jury found; that the jury's award of $30,000 did in fact restore him to the position where he would have been if not for the retaliation, namely, fairly compensated for the insult of retaliation, but still at GS–14 and still eligible for promotion; and that an injunction against USAID would not only provide plaintiff with an extra measure of protection in his future applications, but also help eradicate any vestiges of a culture of retaliation that may have existed at USAID.[1] The central question presented by plaintiff's motion for reconsideration is whether, in light of the jury's verdict, I was free to reach that conclusion.

■ Had the jury found for plaintiff on a "but for" causation instruction—had it found that plaintiff would have been promoted to one of the two GS–15 positions for which he applied were it not for retaliation—then "make whole" relief would necessarily have included both backpay and instatement. That is not, however, what the jury found.

Plaintiff's case-in-chief, as it related to the Executive Management(EM) and Personnel Operations Division(POD) positions, consisted almost entirely of his own testimony and that of Shari Toliver.[2] Ms. Toliver handled the administrative workup of the two selections, establishing minimum qualifications and setting up the panels that would rate the candidates as qualified, best qualified, etc. She had nothing to do with the interview process for the POD position (in which three interviewers unanimously decided upon Mr. Winchell, not

---

1. Defendant's cross-motion for reconsideration of the injunction will also be denied, for the reasons set forth *infra*.

2. Most of plaintiff's case-in-chief, measured in terms of trial time and numbers of witnesses, dealt with his claim that his non-selection for a position in the Latin American/Caribbean Bureau (LAC) was retaliatory, and that his non-selection for all three positions was racially discriminatory. The jury found for the defendant on all of those claims.

Mr. Porter, Tr. of May 30, 2002 at 236), and nothing to do with the decision to re-advertise the EM position as a Foreign Service Officer position. Plaintiff's prima facie case was that he was qualified for both positions but selected for neither; that there were irregularities in the admin-istrative processes for both selections; and that the selecting officials were or must have been aware of his prior protected activity.

Plaintiff asserted that he had nothing more to prove than that retaliation was a "motivating factor" in his non-selections, and he requested a "motivating factor" instruction. I gave that instruction over defendant's objection, notwithstanding that the Court of Appeals has yet to decide whether the 1991 Civil Rights Act's "moti-vating factor" standard applies to retalia-tion claims,[3] see Borgo v. Goldin, 204 F.3d 251, 255 n. 6 (D.C.Cir.2000), and notwith-standing the views of other judges of this Court that the "but for" causation stan-dard is appropriate for retaliation cases, see e.g., Sanders v. Veneman, 211 F.Supp.2d 10, 21 (D.D.C.2002); Gregg v. Hay–Adams Hotel, 942 F.Supp. 1, 8 (D.D.C.1996). At the same time, plaintiff objected to defendant's request for the so-called "mixed motive" instruction, a cre-ation of the 1991 Act that offers a complete defense to liability for damages if the em-ployment action in question would have been taken anyway in the absence of dis-crimination, 42 U.S.C. § 2000e–5(g)(2)(B). I sustained plaintiff's objection and refused the instruction.

The jury's verdict finding defendant lia-ble for retaliation thus establishes nothing

more than what plaintiff asked the jury to find: that retaliation was a "motivating factor" in the two selection decisions. The jury was not asked and did not answer the question whether the other applicants would have been selected instead of the plaintiff in the absence of any retaliatory motive.

Nor, in this post–1991 Act case, did the jury's motivating factor verdict answer that question as a matter of law. As foot-note 6 to the Court of Appeals' Borgo opinion points out, in a pre–1991 Act case, most notably in Price Waterhouse v. Hop-kins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), proof that an imper-missible consideration was at least one of the motivating factors of an adverse em-ployment decision shifted the burden to the employer to demonstrate that it would have made the same decision in the ab-sence of the unlawful motive. Borgo, 204 F.3d at 255 n. 6. Thus, in a pre–1991 Act case, a jury's finding of liability necessarily embodied a subsidiary finding that the em-ployer had failed to sustain its burden. In a post–1991 Act case, on the other hand, a jury's finding of liability does not have the same effect, for "once a plaintiff proves discrimination to have been a motivating factor, liability is established." Id. (citing 42 U.S.C. § 2000e–2(m)). The question of whether the employer would have made same decision in the absence of the unlaw-ful motive is not put to the jury—and is not answered by the verdict—unless the jury is either instructed on the affirmative defense afforded by 42 U.S.C. § 2000e–5(g)(2)(B) or given a special interrogatory.[4]

3. The statute makes no reference to retalia-tion: "Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex or national origin was a motivating factor for any employment practice, even though other

factors also motivated the practice." 42 U.S.C. § 2000e–2(m).

4. Defendant did request a special interrogato-ry. Discussion of the subject was truncated by a power outage in the courthouse, see Tr. of June 3, 3003 at 89–93, and the request was

The jury's "motivating factor" verdict in this case thus left open the possibility of fashioning "make whole" relief that did not include backpay or instatement.[5]

\* \* \* \* \* \*

■ Also before the Court is defendant's motion for reconsideration of the entry of an injunction against USAID. That motion will be denied. Injunctive relief is warranted by the jury's finding of retaliation and Mr. Porter's difficult history at USAID. Injunctive relief is typical where a successful Title VII plaintiff remains in the employ of the defendant, and is moot only when there is no reasonable expectation that the conduct will recur, or where interim events have completely eradicated the effects of the alleged violation. *Bundy v. Jackson*, 641 F.2d 934, 946 n. 13 (D.C.Cir.1981). The jury found retaliation to have been a "motivating factor" in two separate hiring decisions affecting the plaintiff, plaintiff continues to work at USAID, and USAID has failed to demonstrate that retaliation is not likely to recur.

denied, *id.* at 97. Granting the request might well have made this post-trial motion unnecessary, but the absence of a special interrogatory does not alter the analysis of what the jury necessarily found.

5. *Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1351 (7th Cir.1995), upheld a district court's award of backpay after a jury's finding that gender discrimination was a "motivating factor" in the decision to terminate an employee. It stands for the undoubtedly correct proposition that a district court has the discretion to grant backpay without proof of "but for" causation, but it does not hold that backpay must be granted on a "motivating factor" verdict.