Adam DELGADO, Plaintiff,

v.

John ASHCROFT, Attorney General of the United States, Defendant.

No. CIV.A. 99–2311(JR).

United States District Court, District of Columbia.

Aug. 30, 2004.

Patrick D. Dolan, Stephen G. Seliger, Seliger, Elken & Dolan, Chicago, IL, Richard T. Tomar, Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A., Rockville, MD, for Plaintiff.

David J. Ball, Jr., Weil, Gotshal & Manges, LLP, New York, NY, Meredith Manning, Hogan & Hartson, L.L.P., Eric Mark Jaffe, Jane M. Lyons, United States Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM RE: DISPARATE IMPACT RELIEF

ROBERTSON, District Judge.

Following my decision of May 29, 2003, finding that the Adjudicative Guidelines and suitability determination process of the FBI's Special Agent Selection System have a disparate impact on Hispanics and African–Americans, the parties submitted further briefs on the subject of appropriate equitable remedies. In fashioning a remedy for a Title VII violation, "[a] 'district court has wide discretion to award equitable relief' ... [and] 'should fashion this relief so as to provide a victim of employment discrimination the most complete makewhole relief possible.'" *Peyton v. DiMario*, 287 F.3d 1121, 1126 (D.C.Cir.2002) (internal citations omitted).

However, the remedy is to be one that the district court finds "appropriate," *see Castle v. Rubin,* 78 F.3d 654, 657 (D.C.Cir. 1996).

Plaintiff moves for the following specific relief:

- a court order requiring (1) a review by Dr. Zedeck "for completeness and accuracy" of past analyses conducted by the FBI on the Phase I and Phase II special agent selection process; (2) a meeting between Dr. Zedeck and FBI management "to discuss the job analyses and suitability decision-making process for the purpose of developing a model for the work of the [Bureau Applicant Employment Unit ("BAEU")]"; (3) a review of "draft procedures ... by a panel of three outside industrial psychologists"; (4) the submission of the final plan to the parties and the Court; (5) training of BAEU staff to implement the new guidelines in a reliable manner; and (6) two-year monitoring of the new system;
- the appointment of Dr. Zedeck to oversee the remedial process or, in the alternative, an overseer appointed from outside the FBI;
- monitoring by the Court of the BAEU's data collection and maintenance of statistics related to the impact of suitability determinations on minorities;
- an order of backpay;
- instatement or frontpay;
- expungement of personnel records generated during BAEU's suitability determination process; and

- interim attorneys fees.

Pls.' Proposal on Equitable Remedies, at 3–4, 8–9, 10–12, 19–27. "Title VII explicitly authorizes reinstatement as an equitable remedy." *Williams v. Pharmacia, Inc.,* 137 F.3d 944, 952 (7th Cir.1998). However, " '[m]ake whole' relief ... does not necessarily or automatically include backpay or instatement." *Porter v. U.S. Agency For Int'l Dev.,* 240 F.Supp.2d 5, 6 (D.D.C.2002) (quoting *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 421, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975)).

None of the traditional remedies of instatement, backpay or front pay seems appropriate in this case, for at least two reasons. First and foremost, I do not believe I have the authority to instate anyone into a sensitive national security position, and, if I do have such authority, I decline to exercise it here. Second, all but one of the plaintiffs (Martinez) are over the age of 37, which is the upper limit for FBI Special Agent new hirees.

Plaintiffs Adam Delgado, Darren Glover, Gustavo Martinez, and Lawrence Stewart[1] will be awarded declaratory and injunctive relief, as set forth in the accompanying order.

---

1. Plaintiffs asserting disparate impact claims were Adam Delgado, Darren Glover, Gustavo Martinez, John Souchet, and Lawrence Stewart. In a memorandum issued today concerning plaintiffs' disparate treatment claims, I have found that Souchet's disparate treatment claims must be dismissed for failure to timely file. For those same reasons, Souchet's disparate impact claims must be dismissed and, accordingly, the relief provided herein will apply only to the other four named plaintiffs.